# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh,                                    :
                 Appellant              :
                                 :
             v.                          :   No. 919 C.D. 2017
                                 :   Argued: February 5, 2018
PJCBC/Teamsters Local Union No.                        :
249, (Eric Pawlos, Mike Bucher &                       :
Ray Brooks, grievants)                                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: February 28, 2018**

The City of Pittsburgh (City) appeals an Order of the Court of Common Pleas of Allegheny County (common pleas), which affirmed a grievance arbitration award requiring it to pay an additional four hours of triple holiday overtime to truck drivers who were called out twice to plow snow during a snow storm on Presidents' Day 2016. Common pleas concluded the award satisfied the essence test. Given our narrow and deferential standard of review, we must agree and accordingly affirm.

The facts in this matter are not in dispute. In March 2016, PJCBC (Pittsburgh Joint Collective Bargaining Committee)/Teamsters Local Union No. 249[1] (Union) filed a grievance on behalf of Eric Pawlos, Mike Bucher, Ray Brooks, and all affected truck drivers employed in the City's Public Works Department (Grievants, collectively), claiming the Grievants were not properly compensated for the Presidents' Day holiday.[2] The Grievants were first called out to work at 10 p.m. the day before Presidents' Day and worked until 10 a.m. on Presidents' Day, a 12-hour shift. They were called back out on Presidents' Day at 6 p.m. and worked until 10 p.m.

Pursuant to Section 11.B of the parties' collective bargaining agreement (CBA):

> [a]ll work performed on the day on which a holiday is legally observed shall be paid for at the overtime rate of three (3) times the regular rate of pay. An employee called out to work on a holiday shall be guaranteed at least eight (8) hours pay at the overtime rate of three (3) times the regular rate of pay.

(CBA § 11.B, Reproduced Record (R.R.) at 21a.)

The City paid Grievants three times their regular rate of pay for the twelve hours they worked on their first call-out and three times their regular rate of pay for the four hours they worked on their second call-out. However, Grievants maintain they are entitled to an additional four hours of compensation at three times their

---

[1] At oral argument, City argued, for the first time, that Teamsters Local Union No. 249 and counsel were not authorized to represent the Grievants in this case and presented two letters – one dated December 30, 2015, and another dated June 20, 2016 – in support thereof. Despite obvious knowledge of this issue prior to the afternoon of argument, the City never made a formal motion and/or application. Accordingly, we will not entertain this issue.

[2] The collective bargaining agreement (CBA) does not specifically list Presidents' Day as a holiday and instead identifies "Washington's Birthday" as a holiday. However, the parties agree that Presidents' Day is a recognized holiday under the CBA.

regular rate of pay because they are guaranteed at least eight hours pay at the triple overtime rate for each call-out on a holiday, and on the second call-out, they worked only four instead of a minimum eight hours.

The City denied the grievance, contending that the 8-hour minimum guarantee applies to the holiday as a whole, not to each call-out on a given holiday, and that Grievants were properly compensated for the 16 hours they actually worked at 3 times their regular rate of pay.

The parties ultimately proceeded to grievance arbitration on August 26, 2016. Following a hearing and upon consideration of post-hearing briefs, the Arbitrator issued an award sustaining the grievance on October 18, 2016. The Arbitrator concluded that the City violated Section 11.B of the CBA by not compensating Grievants for the minimum eight hours guaranteed to them for the holiday. The Arbitrator interpreted the language in Section 11.B of the CBA as applying "when an employee is 'called out to work on a holiday.'" (Arbitrator Decision at 4.) He concluded:

> There is nothing in the provision to specify that the minimum guarantee is limited to payment for one call-out on the holiday. Rather, Section 11.B specifically applies to a call-out on a holiday. The Grievants were initially called out and worked over eight hours for which they were paid the proper overtime rate of triple time their regular rate of pay. At that point, their work duties associated with that first call-out ended. Subsequently, the Grievants were called back out to work an additional four hours on the same holiday. In my view, the provision in question applies per call-out and these Grievants were called out twice. Consequently, the grievance is sustained and the City is directed to compensate the Grievants with an additional four hours of pay at the triple time holiday rate of pay for the second call-out on the Presidents['] Day holiday, February 15, 2016.

(*Id.*)

3

The City appealed. By Order dated June 9, 2017, common pleas denied the appeal and directed the Arbitrator's award be enforced in its entirety. In its opinion issued pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), common pleas explained the issue was a "pure matter of statutory interpretation." (Rule 1925(a) Op. at 2.) It agreed with the Union's and Arbitrator's interpretation that Section 11.B applies to each call-out, thereby rejecting the City's argument that the minimum guarantee was based on the holiday as a whole. Common pleas went on to state that "[e]ven if this Court was unsure about the proper interpretation of Section 11[.B], the courts of this Commonwealth have established a very high standard for overturning a labor arbitration award, and the City was unable to meet this high standard." (*Id.* at 2-3.) The City appealed to this Court.

On appeal, the City argues common pleas erred in upholding the award because it added terms to the CBA by adding "per call-out" to Section 11.B when there is no past practice for that. The City also argues common pleas erred in upholding the award because it disregarded other sections of the CBA. The Union responds that common pleas properly applied the essence test and found the issue was properly framed within the CBA and the award is rationally derived from the CBA. Given our narrow and deferential standard of review, we must agree with the Union and therefore affirm common pleas' decision.

When reviewing an arbitrator's award, the courts of this Commonwealth apply what has become known as the essence test. Under the essence test, the Court must first "determine if the issue as properly defined is within the terms of the collective bargaining agreement." *State Sys. of Higher Educ. (Cheyney Univ.) v. State Coll. Univ. Prof'l Ass'n (PSEA-NEA)*, 743 A.2d 405, 413 (Pa. 1999). "[I]f the issue is embraced by the [CBA], . . . the arbitrator's award will be upheld if the

4

arbitrator's interpretation can rationally be derived from the [CBA]." *Id.* The reviewing court does not look to the reasonableness of the arbitrator's interpretation because to do so "emboldens a court to become a 'superarbitrator' and to vacate an award when it finds that the award is at odds with how the members of the court would have decided the case." *Id.* Stated another way, a reviewing court looks at "whether the arbitrator's interpretation and application of the agreement can be reconciled with the language of the agreement." *Dep't of Corr. v. Pa. State Corr. Officers Ass'n,* 38 A.3d 975, 980 (Pa. Cmwlth. 2011). We "may only vacate an award when it is indisputably without foundation or fails to logically flow from the [CBA]." *Coatesville Area Sch. Dist. v. Coatesville Area Teachers' Ass'n/Pa. State Educ. Ass'n*, 978 A.2d 413, 415 n.2 (Pa. Cmwlth. 2009).

> Our Supreme Court explained:
>
> [t]he rationale behind this limited review is that final and binding arbitration is a highly favored form of dispute resolution and extremely important in the context of labor relations. Unlike more traditional judicial resolution of disputes, arbitration offers speed, low expense, and informality. Moreover, it has been pointed to as a prime factor in assuaging industrial strife. These benefits would be eroded if courts were to assume a greater role in reviewing labor arbitration awards.

*Danville Area Sch. Dist. v. Danville Area Educ. Ass'n, PSEA/NEA*, 754 A.2d 1255, 1259 (Pa. 2000) (internal citations omitted).

With this standard in mind, we turn to the arbitration award here. There appears to be no dispute that the first prong of the essence test is met. Holiday pay is within the terms of the CBA. Rather, the dispute is over the Arbitrator's interpretation of the holiday provision and whether or not it satisfies the second prong of the essence test by being rationally derived from the CBA. The Arbitrator adopted the Union's interpretation, which focuses solely on the second sentence of

5

Section 11.B, which provides "An employee **called out to work** on a holiday shall be guaranteed at least eight (8) hours pay at the overtime rate of three (3) times the regular rate of pay." (CBA § 11.B, R.R. at 21a (emphasis added).) The City's interpretation, however, focuses on the first sentence of Section 11.B, which provides that "**[a]ll work performed** on the day on which a holiday is legally observed shall be paid for at the overtime rate of three (3) times the regular rate of pay." (*Id.* (emphasis added).) The first sentence provides context for the second sentence of Section 11.B, and when read together, the City argues, the only reasonable interpretation is that the guaranteed minimum hours applies per holiday not per call-out. By interpreting Section 11.B to provide eight hours of guaranteed work "per call-out," the City asserts the Arbitrator improperly inserted those words into the CBA, which violates Section 6 of the CBA, which provides, in pertinent part, that "[t]he arbitrator shall not have the right to add to, subtract from, modify, or disregard any of the terms or provisions of this [CBA]." (CBA § 6, R.R. at 12a.) The City points to the Arbitrator's statement that "[t]here is nothing in the provision to specify that the minimum guarantee is limited to payment for one call-out on the holiday," (Arbitrator Decision at 4), as evidence that the arbitrator added language to the CBA.

The Arbitrator's statement should be read in context. Viewing the award as a whole, the Arbitrator based his decision on the language in Section 11.B. He did not add new words to the CBA; he interpreted it. So long as his interpretation is rationally derived from the CBA, it must be upheld. Here, we must conclude it is. The Arbitrator explained that, in his view, Section 11.B applied when an employee is "called out to work on a holiday." (Arbitrator Decision at 4.) This mirrors the language found in the second sentence of Section 11.B. While the City's

6

interpretation is equally persuasive, as stated above, our standard of review is limited to determining whether the Arbitrator's interpretation is rationally derived from the CBA. "It is not necessary that this Court agree with an arbitrator's interpretation of a CBA for it to be sustained." *Pa. State Sys. of Higher Educ. v. Ass'n of Pa. State Coll. and Univ. Faculties*, 98 A.3d 5, 14 (Pa. Cmwlth. 2014). We cannot conclude the Arbitrator's interpretation based on the language of Section 11.B is not rationally derived from the CBA.

The City also contends that Arbitrator's award violates Section 13.D of the CBA, which provides: "Payment of overtime rates shall not be duplicated for the same hours worked. Hours compensated for at overtime rates shall not be counted further for any purpose in determining overtime liability under the same or any other provisions of this [CBA]." (CBA § 13.D, R.R. at 27a.) The City argues that the Arbitrator has effectively required the City to pay Grievants twice, at their holiday triple overtime rate, for four hours of actual work done on the second call-out. However, this argument does not consider the Arbitrator's determination that the two call-outs on Presidents' Day were separate and distinct events. Therefore, the award does not duplicate pay for overtime for the same event. Moreover, we agree with the argument espoused by the Union at argument that Section 13.D was intended to prevent employees from being paid overtime under two separate provisions of the CBA. For instance, an employee would not be paid overtime at a rate of 1 ½ times the regular rate of pay for hours worked in excess of 40 hours in a work week under Section 13.B.1 if the employee was paid at 3 times the regular rate of pay for the same hours for work performed on a holiday under Section 11.B.

Because the Arbitrator's award is rationally derived from the parties' CBA, common pleas did not err in finding it met the essence test.  Accordingly, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Pittsburgh,                          :
                    Appellant                :
                                         :
                  v.                   :   No. 919 C.D. 2017
                                         :
PJCBC/Teamsters Local Union No.              :
249, (Eric Pawlos, Mike Bucher &             :
Ray Brooks, grievants)                       :

## O R D E R

**NOW**, February 28, 2018, the Order of the Court of Common Pleas of Allegheny County, dated June 9, 2017, is **AFFIRMED**.

 

                                     _____

                                     **RENÉE COHN JUBELIRER,** Judge